**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **LAMONTRAI THOMAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:01-CR-71** |
| | ) | **(1:10-CV-402)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

This matter is before the court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed by the petitioner, Lamontrai Thomas, on November 17, 2010 (docket at 50). The United States of America ("the government") filed a response in opposition to the motion on December 3, 2010 (docket at 53). Thomas did not file a reply brief. For the reasons set forth below, the motion is DENIED.

**DISCUSSION**

On October 25, 2001, Thomas was charged in a two-count indictment with armed bank robbery and use of a handgun in relation to a crime of violence, all in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c). On November 29, 2001, Thomas entered guilty pleas to both counts. On February 25, 2002, this court sentenced Thomas to a term of imprisonment of 188 months on the bank robbery charge and a term of 84 months on the gun charge (with this second sentence to be served consecutively to the term for bank robbery). No appeal was ever taken from this conviction and sentence which, as discussed below, is why Thomas is now petitioning the court.

Recently, on September 8, 2010, Thomas filed what he titled a "Motion for Nunc Pro Tunc Order" (docket at 48), in which he asked this court to somehow amend the nine-year-old judgment in this case to permit Thomas to file an appeal to the Seventh Circuit Court of Appeals. The court denied that motion by way of an Order entered on October 25, 2010 (docket at 49). In the motion now before the court, Thomas is asking for the same relief. That is, he claims that he asked his defense attorney to file a notice of appeal on his behalf just after he was sentenced in this case. Motion to Vacate, p. 3. Thomas claims that his attorney failed to file that notice of appeal and that this failure constituted ineffective assistance of counsel. *Id.*

In his prior "motion for nunc pro tunc order" Thomas raised this same issue but failed to explain why it took him nine years to voice this complaint. The court noted in its Order of October 25 that on November 15 of 2006, Thomas wrote to the court asking for a copy of the transcript from his sentencing hearing (*see* docket at 46). The court granted that motion and Thomas was silent for several more years, despite the fact that the docket sheet would have revealed that no appeal had ever been filed.

As the court explained to Thomas in its October 25 Order, Rule 4(b) of the Federal Rules of Appellate Procedure states, in pertinent part: ". . . a defendant's notice of appeal must be filed in the district court within 14 days[1] after . . . the entry of either the judgment or the order being appealed[.]" Fed.R.App.P. 4(b)(1)(A). The rule goes on to state that "[u]pon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with

---

[1] The time period for filing a notice of appeal in a criminal case was recently changed to 14 days from the date of the judgment when Fed.R.App.P. 4(b) was amended in 2009. At the time Thomas was sentenced, a notice of appeal in a criminal case had to be filed within ten (10) days of the date of the judgment.

or without motion and notice–extend the time to file a notice of appeal for a period *not to exceed 30 days* from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed.R.App.P. 4(b)(4) (italics added). Obviously, Thomas's current request for permission to file an appeal comes many years too late. In its response brief, the government argues that Thomas's present "petition is untimely and time barred." Government's Response, p. 2. The government correctly notes that Thomas had until March 7, 2002 (ten days after the date on which he was sentenced) to file a notice of appeal but did not do so. But the more immediate issue here is not the timeliness of Thomas's attempt to appeal–after all, he says it was his attorney who dropped the ball, not him--but rather the timeliness of his current motion, which the government again correctly argues is time barred.

Thomas attempts to excuse the years-long delay by alleging that he "has just recently been made aware that Attorney Mark Thoma . . . violated his Sixth Amendment Right to effective assistance of counsel in failing to file a notice of appeal contesting his conviction and sentence after he instructed Attorney Thoma to file such an appeal within the ten-day filing period." Motion to Vacate, p. 10. Thomas does not explain why it took him nine years to discover that an appeal was never filed in this case. Nonetheless, he "requests for this court to hold an evidentiary hearing so he can be present to provide testimony and documents to prove up his case and/or permit him to take a direct appeal as stated herein." *Id.*

In any event, Thomas's current motion was filed years after the one-year limitation period for a motion under § 2255 expired. A defendant must file a § 2255 motion within one year from the date on which the challenged judgment became final. *Id.* § 2255(f)(1); *United States v. Rollins,* 607 F.3d 500, 504 (7th Cir. 2010). Thomas had until March 7, 2003, to file a

motion under § 2255 (one year and 10 days from the date he could have filed a direct appeal).

Consequently, his current motion must be denied as untimely. *U.S. v. Taylor*, 385 Fed.Appx.

584, 587 (7th Cir. 2010) (citing *Godoski v. United States*, 304 F.3d 761, 764 (7th Cir. 2002) and

*Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)).

## CONCLUSION

For the reasons set forth above, the "Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody" filed by the petitioner, Lamontrai

Thomas (docket at 50) is hereby DENIED.

Date: January 27, 2011.

    /s/   William C. Lee
        William C. Lee, Judge
        United States District Court
        Northern District of Indiana