UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAMONTRAI THOMAS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 1:01-CR-71 |
| | ) (1:10-CV-402) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) ) ) |

## OPINION AND ORDER

This matter is before the Court on the "Combined Objections with Motions to Alter or Amend the Judgment & Order–and to Reconsider Same" filed by petitioner Lamontrai Thomas on July 18, 2011 (docket at 73). The United States of America filed a response in opposition to the motion on July 26, 2011 (docket at 74) and Thomas filed a reply on August 5, 2011 (docket at 77). For the following reasons, Thomas's motion is DISMISSED FOR LACK OF JURISDICTION. **Petitioner Lamontrai Thomas is hereby notified that if he files another pleading with this Court that the Court deems legally frivolous, meritless, groundless, or filed for the purposes of harassment, sanctions WILL BE IMPOSED on him. These sanctions will include a monetary sanction and a restriction on Thomas's ability to file any papers in this Court. The Court strongly cautions Thomas to govern himself accordingly.**[1]

## DISCUSSION

The current pending motion filed by Thomas is the latest in a series of motions he has

---

[1] The Seventh Circuit Court of Appeals has recognized that sanctions, including monetary fines, are warranted when a prisoner files repeated frivolous collateral attacks and when the prisoner "was expressly warned by the judge . . . that he was courting a [Fed.R.Civ.P.] 11 sanction." *Smith v. Gilmore*, 111 F.3d 55, 56 (7th Cir. 1997).

filed in this Court in the past 11 months in which he seeks post-conviction relief. (See docket at 48, 50 and 56). The Court has entered several orders denying Thomas's motions and attempting to explain to him the reasons why he cannot file these post-conviction motions. (See docket at 49, 54 and 68). On November 17, 2010, Thomas filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (docket at 50). The Court issued an order denying the motion on January 27, 2011 (docket at 54). Since that denial, Thomas has attempted to file additional motions challenging the Court's order and seeking reconsideration. He continually maintains that he is not filing motions under § 2255 and that this Court is wrong to interpret his motions as such. In his latest motion, Thomas attempts to invoke the Federal Rules of Civil Procedure (including Rules 12(f), 59(e), 60(b) and 62) as well as 28 U.S.C. § 1651 as the basis for his filings. He states to the Court that "the motion that I filed **"Is Not"** in any way a Successive § 2255 petition . . ." and that "in no way, and under no circumstances do I want my motion . . . viewed in the light as a Successive § 2255 petition . . ." Petitioner's Reply, docket at 77, p. 1 (emphasis in original). The reason Thomas continues to assert that he is not filing a petition under § 2255 is because he knows he cannot do so for the reasons this Court has stated several times in previous orders. But just because Thomas doesn't want his motions to be interpreted as § 2255 petitions does not change what they are. As the Seventh Circuit Court of Appeals has stated:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States,* 264 F.3d 723 (7th Cir. 2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, *coram nobis,* coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. *See Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir. 1996).

2

*Jackson v. United States*, 463 F.3d 635, 639 (7th Cir. 2006). The substance of each of Thomas's recently filed motions falls within the scope of § 2255, his protests to the contrary notwithstanding.[2] However, § 2255 does not authorize the filing of a second or successive petition under that statute unless the following criteria are met:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Thomas's present motion has not been so certified. Section 2244(b)(3)(A) "is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (quoting *Nuñez v. United States,* 96 F.3d 990 at 991 (7th Cir. 1996)). Accordingly, this court is without jurisdiction to address Thomas's motion and it must be dismissed for that reason. If Thomas believes he can obtain permission from the Seventh Circuit Court of Appeals to file yet another § 2255 motion, or if he believes

---

[2] In his motions, Thomas argues that he is entitled to relief from his judgment of conviction and/or a reduction in his sentence due to alleged ineffective assistance of counsel, the fact that this Court "and the government engaged in vindictive sentencing upon a duplicitous and fatally defective indictment," that he was the victim of "double jeopardy" with regards to restitution payments made part of his judgment, that his conviction and sentence "must be vacated and reversed with prejudice because every factual element necessary to convict or sentence were not set forth in the indictment," and several other creative theories. See petitioner's brief, docket at 73, generally. Plain and simple–he is attempting to get his conviction "reversed" or his sentence vacated, set aside or corrected, which makes each of the motions he has filed since November 17, 2010, petitions under 28 U.S.C. § 2255.

that he is entitled to pursue some other avenue to seek relief, he may present his theories to the appellate court.

## CONCLUSION

For the reasons set forth above the "Combined Objections with Motions to Alter or Amend the Judgment & Order–and to Reconsider Same" filed by petitioner Lamontrai Thomas is DISMISSED FOR LACK OF JURISDICTION. Once again, **Thomas is hereby notified that if he files another pleading with this Court that the Court deems legally frivolous, meritless, groundless, or filed for the purposes of harassment, sanctions WILL BE IMPOSED on him. These sanctions will include a monetary sanction and a restriction on Thomas's ability to file any papers in this Court.**

Date: August 17, 2011.

/s/ William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana