UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 1:01-CR-71 |
| LAMONTRAI THOMAS, | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the Court on a Letter [DE 93] requesting early release filed by the Defendant, LaMontrai Thomas ("Thomas"), on April 24, 2020. The Government responded to the Letter on June 22, 2020. The Government and the Court both construe the letter as a Request for Compassionate Relief.

Also before the Court is a Motion to Withdraw, filed by Michelle F. Kraus on June 8, 2020.

Discussion

On October 25, 2001, Thomas was charged by way of a two count Indictment with Count 1 – Armed Bank Robbery, in violation of 18 U.S.C. §2113(a) and (d), and Count 2- Brandishing and Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §924(c).

After pleading guilty on November 29, 2001 without a plea agreement, Thomas was sentenced on February 25, 2002 to 188 months imprisonment on Count 1 consecutive to 7 years imprisonment on Count 2 and five years of supervised release. Thomas is currently incarcerated at the Federal Correctional Institute in Yazoo City, Mississippi (FCI Yazoo City) and has been

since September 9, 2015.

As noted, on April 24, 2020, Thomas wrote a letter to the Court requesting early release. In the letter, Thomas is asking this Court to modify the February 25, 2002 sentence imposed on him and release him to home detention. If released, Thomas says that he has a stable home where he can live with his wife.

In support of his release request, Thomas also points to the ongoing COVID-19 pandemic, the risk of death from the virus, and the eight confirmed cases of COVID-19 at FCI Yazoo City as factors justifying his early release from incarceration.

On April 27, 2020, this Court ordered the Federal Community Defender's Office (FCD) to consider representing Thomas on his request for early release. (DE 96). FCD attorney Michelle Kraus filed her appearance on April 28, 2020.  On June 8, 2020, attorney Michelle Kraus moved to withdraw from Thomas' case and asked that this Court rule on Thomas' pro se motion should this Court grant her motion to withdraw.  Kraus' motion to withdraw will be granted.

As the Government notes, although not explicitly stated in Thomas' letter to this Court, what his letter is seeking is relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) which provides the following:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted [all administrative remedies], may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

>> term of imprisonment), after considering the factors set forth
> in section 3553(a) to the extent they are applicable, if it finds
> that—
>
>> (i) extraordinary and compelling reasons warrant such
>> reduction; . . .
>
> and that such a reduction is consistent with the applicable policy
> statement issued by the Sentencing Commission.

For compassionate release motions under 3582(c)(1) the United States Sentencing Guidelines contain the applicable policy statement, Section 1B1.13, which provides:

> [T]he court may reduce a term of imprisonment . . . if, after considering
> the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are
> applicable, the court determines that—(1) (A) extraordinary and
> compelling reasons warrant the reduction; . . . (2) the defendant is not a
> danger to the safety of any other person or to the community . . . ; and
> (3) the reduction is consistent with this policy statement.

Application Note 1 to the policy statement sets out what may qualify as extraordinary and compelling reasons. For general sentencing reductions under 3582(c)(2), the United States Sentencing Guidelines contain the applicable policy statement contained in Section 1B1.10.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. The Government contends that before filing that motion the defendant must first request that the BOP file such a motion on his or her behalf. § 3582(c)(1)(A). The Government further contends that this Court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

3

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020), and *United States v. Russell*, No. 1:14-CR-6-HAB (N..D. Ind. June 4, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015). Thus, in light of those decisions, Thomas' motion is properly before this Court regardless of whether he has or has not completed the statutory exhaustion process.[1]

This Court may reduce Thomas' term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission has also issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G.

---

[1] The Court notes that the Government has specifically stated in its brief before this Court that it preserves it objection to the Court's conclusion that exhaustion is not jurisdictional.

4

§ 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to
> provide self-care within the environment of a correctional facility
> and from which he or she is not expected to recover.
> U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

The Government argues that even if Thomas had exhausted his administrative remedies with the BOP, he is still not entitled to any relief. The Government is correct that Thomas has not identified any extraordinary or compelling medical condition or circumstance that would justify release. Thomas has not pointed to any medical condition from which he suffers, let alone any medical condition which puts him at increased risk for serious complications or death from COVID-19. *United states v. Davis,* 2020 WL 2488574, *3 (C.D. Ill. May 14, 2020). Even inmates with certain medical conditions are not afforded the relief Thomas seeks. *See United States v. Porter*, 2020 WL 2509105 (C.D. Ill May 15, 2020)(asthma); *Davis*, 2020 WL 2488574 (asthma); *United States v. Hayden*, 1:07-CR-68-HAB, 202 WL 2079293 (chronic kidney disease). Clearly, simply being concerned about contracting the virus is insufficient to meet his burden. *See generally United States v. Payne*, 2020 WL 2489723 (S.D. In May 13, 2020)(similar

5

considerations not sufficient in pretrial detention); *United States v. Scott*, 2020 WL 2508894 (E.D. Wisc May 15, 2020) (rejecting argument that persons in correctional facilities are at greater risk than those on outside).

As Thomas has not demonstrated any of the conditions that would qualify him for relief, his request must be denied.

## Conclusion

On the basis of the foregoing, Attorney Kraus' motion to withdraw [DE 101] is hereby GRANTED.

Further, Thomas' request for compassionate relief [DE 93] is hereby DENIED.

Entered: June 29, 2020.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court