UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:01-CR-71-HAB |
| ) | |
| LAMONTRAI THOMAS ) | |

## OPINION AND ORDER

Before the Court is Defendant's *pro se* Motion for Early Termination of Supervised Release ("the Motion") (ECF No. 113) filed on January 13, 2025. Upon receipt of the Motion, the Court directed the Probation Office to file a report in response to it and to include in the report the Government's position on Defendant's motion. (ECF No. 114). Probation filed its report on January 24, 2025. (ECF No. 10). The report specifically noted the Government's objection to the Motion. For the following reasons, Defendant's Motion is DENIED.

## PROCEDURAL BACKGROUND

As explained in the Probation Report, in 2001, Defendant plead guilty to one count of Armed Bank Robbery (Count 1), in violation of 18 U.S.C. §2113(a)(b), and one count of Use of a Handgun in Relation to a Crime of Violence (Count 2), in violation of 18 U.S.C. §924(c). On February 25, 2002, Defendant appeared before the Honorable Judge William C. Lee and was sentenced to 188-months' imprisonment on Count 1 and 84-months' imprisonment on Count 2, to be served consecutively. The Court imposed five-years' supervised release on Count 1 and three-years' supervised release on Count 2 to be served concurrently. Defendant's term of supervised release began on November 29, 2021, and is set to expire on November 29, 2026.

## DISCUSSION

Defendant urges the Court to terminate his remaining supervised release term after serving just over three years of the five-year term because he has "completed all his terms of supervision[,]" "has fulfilled all of his restitution and financial obligations[,]" and "has fully complied with the terms and conditions of his supervision" with "only minor infractions[.]" (ECF No. 113 at 3). He claims to have "fully reintegrated in society and is a valued worker, family member[,] and citizen" with "stable…housing…and employment." (*Id.* at 4). Defendant thus considers himself "an ideal candidate for early termination of supervised release" and that termination "would enable him to better support his family financially." (*Id.* at 3-4). The Government and probation oppose Defendant's request noting concerns about Defendant's conduct while on supervision which includes one felony and one misdemeanor conviction in the state system.

Title 18 of the United States Code, Section 3583(e) governs both early termination and modification of terms of supervised release. Under the statute, a court may, after considering factors set forth in 18 U.S.C. § 3553(a), terminate supervised release early or modify the conditions of it. 18 U.S.C § 3583(e). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

After considering the § 3553(a) factors, the court may terminate said term if the following conditions are met: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant'' conduct. 18 U.S.C. § 3583(e)(1); *see United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011).

"Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination." *United States v. Branscumb*, No. 109CR10023MMMJEH, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019), *report and recommendation adopted*, No. 09-10023, 2019 WL 6499067 (C.D. Ill. Dec. 3, 2019); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (affirming district court where the court found that the Defendant "at best has merely complied with the terms of supervision"). "Early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Id.*; *see, e.g.*, *United States v. Kay*, 283 F. App'x 944, 946–47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Caruso*, 241 F. Supp. 2d 466, 468–69 (D.N.J. 2003); *United States v. Medina*, 17 F. Supp. 2d 245, 246–47 (S.D.N.Y. 1998). It is, moreover, the defendant who bears the burden of demonstrating that early termination is warranted. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003).

3

Having reviewed Defendant's Motion, it becomes clear that he fails to establish the third factor in the § 3583(e) analysis, *to wit*: that termination of his supervised release is in the interest of justice based on the pertinent § 3553(a) factors and his conduct.

Beginning with the nature of the offense conduct, *see* § 3553(a)(1), Defendant, without doubt, committed serious crimes. The Presentence Investigation Report ("PSR") (ECF No. 41) explains that Defendant admitted that he planned and executed an armed bank robbery with two other individuals in May 2001. Defendant was armed with a firearm and controlled the lobby during the robbery's execution that left bank employees feeling that their "lives were in jeopardy." Defendant even pointed the firearm at one teller and stated, "you pushed the button, didn't you?" Defendant and his associates walked away with $3,617 in stolen funds. No doubt, an armed bank robbery coupled with the use and threatened use of firearms is a serious offense.

More concerning than the somewhat dated yet reprehensible offense conduct is the history and characteristics of Defendant. While Defendant suggests he has committed only "minor infractions," probation's report tells a different story. Before ever beginning his term of supervised release, Defendant was charged and convicted of Operating a Motor a Vehicle While Intoxicated, a Class A misdemeanor.[1] He committed this offense while on home confinement through the Residential Re-Entry Center. On March 15, 2022, probation informed the Court that Defendant was charged with Operating While Intoxicated, a Level 6 felony.[2] Defendant was convicted and sentenced to one year of home detention. At probation's request, the Court took no action. After completing home detention for his state court felony, Defendant was charged with Leaving the Scene of an Accident, a Class B misdemeanor.[3] He was convicted of the offense and was sentenced

---

[1] Allen County Superior Court Case No.: 02D05-2108-CM-2735
[2] Allen County Circuit Court Case No.: 02C01-2203-F6-260
[3] Allen County Superior Court Case No.: 02D04-2404-CM-1436

4

to 180 days' jail, all of which was suspended. Because of his state misdemeanor conviction, the Court modified his terms of supervision to include six months of home detention. Since the start of his home confinement on May 22, 2024, Defendant has complied with the terms of supervised release. But, just before, he also tested positive for marijuana on April 18, 2024, and admitted to smoking marijuana days earlier.

It is somewhat ironic for Defendant, in particular, to call these infractions "minor." He seeks early termination to help with his family business, a logistics business responsible for moving freight. According to Defendant, the business requires him to be "on the road" for two to three weeks at a time. The Court has a difficult time understanding how a professional driver could view convictions for an OWI and Leaving the Scene of an Accident as "minor." If anybody, Defendant should know the dangers of the road and the seriousness of these offenses, or "infractions." And although it happened before his term of supervised release began for this case, he squeaked in another OWI before those "minor infractions."

With that in mind, the factors under § 3553(a)(2) and, in particular, the need for the sentence imposed to afford adequate deterrence and protect the public from further crimes do not support early termination. While Defendant has been compliant with the terms of supervised release while on home detention, his term of home detention ended about two months ago. And as stated above he has broken the law several times with—despite Defendant's characterization—some serious violations. These were not mere violations either, they were crimes for which Defendant was charged, convicted and sentenced with Defendant receiving substantial breaks from the state system. Probation's report, perhaps, put it best:

> An individual that makes the decision to operate a motor vehicle while intoxicated, clearly puts themselves and others in danger. Allowing an individual with a history of drinking and driving to operate a business, which would require him to drive

5

> over the road, for extended periods of time, with little to no supervision, would put the community at an increased risk of danger.

(ECF No. 115 at 3). Terminating Defendant's supervision would not afford adequate deterrence for Defendant's continued criminal conduct since his release. Nor would it protect the public from further crimes by Defendant. These factors under § 3553(a)(1)-(2) factors outweigh all others, and do not weigh in favor of early termination.

Defendant also provided the Administrative Office of the United States Court's <u>Guide to Judiciary Policy</u>, Volume 8, Part E, "Early Termination" (Monograph 109) Section 380.10 (2010) ("AO Probation Guide"). Both the 2010 and current versions of the AO Probation Guide provide a presumption in favor of early termination after the first 18 months of supervision if, among other things, "[t]he person presents no identified risk of harm to the public or victims." *Id.* Again, Defendant's drunk driving and continued criminal conduct endanger the public. And under the current version of the AO Probation Guide, the presumption applies only if "[t]he person is free from any court-reported violations over a 12-month period."[4] Probation reported violation in May 2024, less than twelve months ago. That said, the AO Probation Guide's presumption in favor of release does not apply to Defendant.

In sum, Defendant has simply not met his burden of showing circumstances that warrant the relief sought and the § 3553(a) factors do not weigh in favor of terminating supervised release. Although the Court commends him on his positive strides regarding employment, housing, and family, the interests of justice and Defendant are best served by continuing supervision. Accordingly, Defendant's request for early termination of supervised release (ECF No. 113) is DENIED.

---

[4] Administrative Office of the United States Court's <u>Guide to Judiciary Policy</u>, Volume 8, Part E, "Early Termination" (Monograph 110) Section 360.20 (2025).

## **CONCLUSION**

For these reasons, Defendant's Motion (ECF No. 113) is DENIED.

So ORDERED on February 14, 2025.

                                          s/ *Holly A. Brady*
                                          CHIEF JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT